**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4656

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TAYLOR WOMACK,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Irene C. Berger, District Judge. (2:23-cr-00012-1)

Submitted: February 27, 2024                                    Decided: April 5, 2024

Before NIEMEYER and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Wesley P. Page, Federal Public Defender, Emily L. Szopinski, Assistant Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. William S. Thompson, United States Attorney, Jonathan T. Storage, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Taylor Womack entered a conditional guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), reserving his right to appeal the district court's denial of his suppression motion. On appeal, Womack argues that the district court erred in denying his motion to suppress evidence seized following a frisk of his person. We affirm.

"When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo," and we "construe the evidence in the light most favorable to the prevailing party." *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016) (internal quotation marks omitted). "[A]n officer may stop and briefly detain a person when the officer has reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity." *United States v. Coleman*, 18 F.4th 131, 136 (4th Cir. 2021) (internal quotation marks omitted). "To establish reasonable suspicion, an officer must have a minimal level of objective justification, meaning that [he] must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." *United States v. Gist-Davis*, 41 F.4th 259, 264 (4th Cir. 2022) (internal quotation marks omitted). Once an officer performs a valid stop, "[he] may conduct a protective frisk of the person for weapons," if the officer has reasonable suspicion that the person stopped "may be armed and presently dangerous." *Id.* (internal quotation marks omitted). "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be

warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27.

Courts assess the legality of a *Terry*[*] stop and frisk under "the totality of the circumstances, giving due weight to common sense judgments reached by officers in light of their experience and training." *Gist-Davis*, 41 F.4th at 264 (internal quotation marks omitted). "Judicial review of the evidence offered to demonstrate reasonable suspicion must be commonsensical, focused on the evidence as a whole, and cognizant of both context and the particular experience of officers charged with the ongoing tasks of law enforcement." *United States v. Branch*, 537 F.3d 328, 337 (4th Cir. 2008). "[M]ultiple factors may be taken together to create a reasonable suspicion even where each factor, taken alone, would be insufficient." *United States v. George*, 732 F.3d 296, 300 (4th Cir. 2013).

We conclude that the district court did not err in finding that the officer had reasonable suspicion that Womack was armed and dangerous. Womack does not dispute that the officer had reasonable suspicion to stop him. And his actions at the time of the stop—particularly his continuing to "mess with" his waistband when instructed not to do so—gave the officer reason to believe that Womack had a weapon tucked into his pants. Under the totality of the circumstances, it was reasonable for the officer, after validly stopping Womack, to perform a *Terry* frisk to ensure the officer's safety. Therefore, the officer's pat down search of Womack was valid under the Fourth Amendment.

---

[*] *Terry v. Ohio*, 392 U.S. 1 (1968).

3

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*